Matter of Hecht (2022 NY Slip Op 03388)





Matter of Hecht


2022 NY Slip Op 03388


Decided on May 25, 2022


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2021-05612

[*1]In the Matter of Gerald Hecht, an attorney and counselor-at-law. (Attorney Registration No. 1045541)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 28, 1978. By letter dated July 30, 2021, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts notified this Court that the respondent was disciplined by an order of the Superior Court of Connecticut, Judicial District of Danbury, dated March 5, 2021, upon findings that he engaged in misconduct. By order to show cause dated August 24, 2021, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by the order of the Superior Court of Connecticut, Judicial District of Danbury, dated March 5, 2021.



Diana Maxfield Kearse, Brooklyn, NY (Sara Mustafa of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
Gerald Hecht, Danbury, Connecticut, respondent pro se.



PER CURIAM.


OPINION & ORDER
By order dated March 5, 2021, the Superior Court of Connecticut, Judicial District of Danbury (hereinafter the Superior Court), accepted the respondent's resignation from the Connecticut bar and waiver of the privilege of reapplying to the bar of that state pursuant to Connecticut Practice Book (hereinafter CPB) § 2-52. By letter dated July 30, 2021, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts notified this Court of the order of the Superior Court dated March 5, 2021.
Connecticut Proceedings
On August 7, 2019, the Danbury Judicial District Grievance Panel (hereinafter the Grievance Panel) issued findings following an investigation of a complaint filed against the respondent by his client, Michael A. Lalli. The Grievance Panel found probable cause existed that the respondent engaged in misconduct by failing to advise Lalli of both the dismissal of Lalli's personal injury action, which was due to the running of the statute of limitations, and the subsequent appeal which upheld the dismissal. Specifically, the Grievance Panel found that the respondent violated rules 1.1 (competence), 1.3 (diligence), and 1.4 (communication) of the Connecticut Rules of Professional Conduct (hereinafter CRPC). Thereafter, the Office of the Chief Disciplinary Counsel filed "Additional Allegations of Misconduct" dated September 10, 2019 (hereinafter Additional Allegations), alleging further violations of the CRPC based upon the Lalli complaint, namely rules 1.2(a) (scope of representation and allocation of authority between client and lawyer), 1.5(b) (fees), 1.7(a) (conflict of interest), and 8.4(3) (conduct involving dishonesty, fraud, deceit, or [*2]misrepresentation) and (4) (conduct that is prejudicial to the administration of justice). The Additional Allegations provided the following factual summary in support:
"Respondent agreed to represent the complainant in a motor vehicle accident that occurred on January 21, 2013. On December 23, 2014 respondent filed an application for prejudgment remedy against the tortfeasor in the judicial district of Litchfield, docket LLI-CV14-500-7542-S. The respondent attached a proposed summons and complaint. The actual summons and complaint was not served until April 19, 2015, almost 3 months after the limitation of actions had expired. On December 4, 2015 the defendant in the civil action moved for summary judgment on the grounds that the defendant was not brought into the case within two years of the incident as required by Gen. Statutes § 52-584. The court, Moore, J., Granted [sic] defendant's motion for summary judgment on May 18, 2016.
"On June 6, 2016, without ever contacting the client, respondent filed an appeal to the appellate court. The appellate court affirmed the judgment on November 7, 2017. Throughout this representation the complainant contacted the respondent and questioned him about the status of his personal injury case. At no time did respondent advised [sic] the complainant that his case was dismissed and that respondent had filed an appeal. The respondent misrepresented to the complainant that the personal injury case was pending and that things were delayed because the courthouse recently moved. During this time, complainant had contacted respondent for representation in other matters. As late as 2018, long after the civil case was dismissed and the appellate case was over respondent continued to advise complainant that they were waiting for an upcoming court date. In November 2018 respondent finally told complainant that his case was over with."
On or about December 20, 2020, the respondent, pursuant to CPB § 2-52(b), filed a "Resignation of Attorney Affidavit." Therein, among other things, the respondent acknowledged that he was not subject to coercion or duress; that he was aware of the consequences of his resignation and waiver; that he was aware of his right to a full evidentiary hearing on the merits of the allegations of misconduct, with the assistance of an attorney; and that he waived that right. The respondent further acknowledged that the Superior Court would enter a finding that he engaged in misconduct with the acceptance of his resignation and waiver, and that there was "sufficient evidence to prove by clear and convincing evidence the material facts constituting violations of Rules 1.4 and 8.4(3) of the [CRPC]."
By order dated March 5, 2021, the Superior Court accepted the respondent's resignation from the Connecticut bar and waiver of the privilege of reapplying to the bar of that state, effective March 31, 2021. Among other things, the order found that the respondent knowingly and voluntarily resigned, that he waived his privilege to reapply to the Connecticut bar at any time in the future, and that he committed professional misconduct based upon the acknowledgment in the respondent's affidavit.
Order to Show Cause
By order to show cause dated August 24, 2021, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by the order of the Superior Court dated March 5, 2021.
The respondent submitted an affirmation, wherein he does not "contest the allegations . . . as they relate to [his] Connecticut license," noted his cooperation in this proceeding, and offered further evidence of mitigation, which, among other things, included personal and professional issues he experienced during the relevant time period.
[*3]Conclusion
Based on the foregoing, we find that reciprocal discipline is warranted based on the findings of the Superior Court. Acceptance of the respondent's resignation and waiver by the Superior Court is tantamount to a disbarment (see Matter of Sporn, 162 AD3d 157). Accordingly, we conclude that a disbarment is warranted.
LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Gerald Hecht, is disbarred, effective immediately, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Gerald Hecht, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Gerald Hecht, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Gerald Hecht, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court